————o————

No. 4450.

(Court of Appeal, Parish of Orleans.)

## MARTIN H. SULLIVAN AND A. G. PHELPS, TESTAMENTARY EXECUTORS, VS. JAMES LEWIS.

Parol evidence is admissible to prove that the holder of mortgage notes, who was no party to the act of mortgage, and who sues the maker for the full amount of the notes, received the notes from the maker himself, only as a pledge or collateral security for money loaned and to be loaned him by the pledgee; that the loans were less than the amount called for by the notes and that the loans have been fully paid and discharged.

Appeal from Civil District Court, Division B.

Girault Farrar, for Plaintiff and Appellee.

Armand Romain, for Defendant and Appellant.

MOORE, J. The executors of Philip Felix Herwig sued the defendant on five promissory notes made by the defendant to his own order and by him endorsed, each for the sum of One Thousand Dollars, dated New Orleans, Dec. 13, 1893, bearing interest at the rate of 8 per cent per annum until final payment, and all maturing at the same time, one year from their date. The notes are secured by mortgage, and the lien and privilege of the vendor, and represent the entire purchase price of sale of real property acquired by defendant from his daughter. Partial payment in the sum of Twenty-one Hundred Dollars, made at different periods and in various amounts, are endorsed on the notes and admitted by the petition. Judgment for the balance due, with recognition of the mortgage and vendor's privilege, is prayed for.

The answer admits the execution of the notes and act of sale and mortgage, with which the notes are identified, but the defense is made, substantially, that Herwig, though the holder of the notes, was not the bona fide owner of them, and could not maintain an action on them for their full face amount, forasmuch as Herwig had received said notes from the defendant not as a purchase nor in payment, or in settlement of a debt, but simply as a pledge, or security, for a then existing and subsequently to be incurred indebtedness of the defendant to said Herwig; that the entire indebtedness then existing and subsequently incurred aggregated the sum of $3,192.00, which was paid back to Herwig by the $2,900.00 acknowledged in the petition, and by a further sum of Three Hundred Dollars subsequently paid him; that no other debt or obligation existed between the parties than the one stated, and that the payments thus made discharged the debt for which the notes were given as security, and overpaid same by eight dollars. Defendant prayed for judgment in reconvention for eight dollars, and for the return of the five notes.

The judgment allowed the additional payment claimed by defendant and rendered judgment in plaintiff's favor for the sum of $1800.00, with recognition of the mortgage and vendor's privilege on the property. From that judgment defendant appeals, and it is answered by appellees, who pray an amendment in their favor, increasing the interest and allowing attorney's

fees, as provided in the act of sale. At the threshold of the cause we are brought to the consideration of a ruling of the Judge *a qua*, duly excepted to, excluding all evidence tendered by the defendant to establish the averments of his answer, save as to the additional payment of three hundred dollars.

The objection was made, and sustained on the ground: "that no parol evidence was admissible to vary, change, contradict, or enlarge any of the statements contained in the authentic act of sale upon which the notes are founded."

The ruling was error.

The record shows that it was disclaimed below, as it was at the bar of this Court, by the counsel for appellant, that the evidence was sought to be introduced for any other purpose than that of showing that the five notes in question were delivered to Herwig, not by the vendor of the property, but by the vendee himself, who had obtained them, with Herwig's knowledge, from the vendor, with authority to use and employ them for his individual benefit and credit; that he then delivered the five notes to Herwig for no other purpose and for no other consideration than as a pledge or security or collateral for a sum of money which he then owed Herwig, and for such additional sums for which he might subsequently owe Herwig; that the then existing and subsequently incurred indebtedness to Herwig, and of which there were none other, aggregated the sum of $3,192.00, and that this sum had been fully paid, hence that he was entitled to the return of the notes.

The establishment of these facts in no possible manner could "change, vary, contract or enlarge any of the statements contained in the authentic act of sale upon which the notes are founded." The only effect it could have would be to show that instead of being the owner of the five notes and entitled to recover the full amount due thereon, he is but the pledgee thereof and entitled to judgment against Lewis for such sum as may be shown to be due under the pledge, and for recognition of Herwig's right of lien, privilege and pledge on said notes to secure the amount due.

Unquestionably as the holder of the notes, Herwig is presumed to be the owner of them, and entitled to recover the full amount due thereon. But this presumption may be overcome by evidence and the onus to produce it is on the defendant. This

the defendant sought to do, and had the right to do by parol, and he should have been permitted to introduce the evidence.

It is urged by the appellant that notwithstanding the ruling of the Court, enough evidence "here and there" got into the record, without objection, to establish the defense urged.

It must be admitted that there can be found lots of evidence in the record that makes out an exceedingly strong, probable case for defendant. For instance, accounts in the handwriting of the *de cujus* Herwig were produced which show that the sum of $3192.00 is charged to Lewis from the 20th of October, 1885, to the 8th of May, 1890, and that credits, corresponding exactly as to dates and amounts with those on the reverse of the notes, likewise appear on this account, aggregating the sum of $2900.00. The additional $300.00 paid by defendant and set up in his answer is not now disputed. This would make a total credit of $3200.00, or eight dollars more than the debit charge. It is not pretended that Lewis was indebted to Herwig, both in open account and for the notes, and if it were, it would tax credibility to believe that Herwig would have credited the same nineteen different items of partial payment, running from May 5th, 1899, to Oct. 15th, 1902, to both the notes and an open account. The indications point strongly to the fact that the several accounts and memoranda in the handwriting of Herwig, and which were offered in evidence by defendant, include and comprehend all transactions between the parties. There is also other evidence in the record, which tends to strengthen this, especially Lewis' testimony that these documents represent all the money he ever got from Herwig. But, as the plaintiff's objection was sustained, they may have thus refrained from introducing their own evidence to contradict the defense, whilst on the other hand defendant is entitled to an opportunity to fully present his case.

The cause must, therefore, be remanded.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be and the same is hereby avoided, set aside and reversed, and that this cause be and is hereby remanded for trial de novo, in accordance with the views herein expressed and generally according to law. The right of either party to use the testimony and documentary evidence already introduced, without retaking and reoffering same, is expressly reserved. The costs of appeal to be paid by the appellee and those of the lower court to await final decision on the merits.